Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50458 | **DATE** | 12/28/2001 |
| **CASE TITLE** | PETERS vs. INGERSOLL CUTTING TOOL CO. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' Rule 12(b)(6) motions are denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | DEC 28 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 DEC 28 PM 3:13 | 12-28-01 | |
| /SEC | courtroom deputy's initials | FILED-WO | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

In approximately March or April 1999, plaintiff Jennifer Peters filed a discrimination charge against Ingersoll Cutting Tool Company. (Am. Comp. Charge Exh.)[1] After receiving a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") on or about October 1, 2000 (2d Am. Compl. ¶ 4), Peters filed a lawsuit against Ingersoll Cutting Tool Tire Company on December 28, 2000. On January 16, 2001, Peters filed an amended complaint against Ingersoll Cutting Tool Company. On April 4, 2001, Peters filed a second amended complaint against Ingersoll Cutting Tool Company; ISCAR, allegedly the parent company of Ingersoll Cutting Tool Co.; Ingersoll CTC Real Estate Co., f/k/a Ingersoll Cutting Tool Co.; and, Ingersoll International, Inc., allegedly the parent company of former Ingersoll Cutting Tool Co. and Ingersoll CTC Real Estate Co. Defendants Ingersoll CTC Real Estate Co., Ingersoll Cutting Tool Co. and Ingersoll International have filed motions to dismiss Peters' second amended complaint pursuant to FED. R. CIV. P. 12(b)(6). The court has jurisdiction over Peters' lawsuit, and venue is proper, pursuant to 42 U.S.C. § 2000e-5(f)(3).

Peters alleges that on December 1, 2000, Ingersoll International sold certain assets and liabilities of Ingersoll Cutting Tool Co. to IMC Group USA, a subsidiary of ISCAR, an Israel corporation. (2d Am. Compl. ¶ 10) Peters alleges thereafter, Ingersoll International renamed Ingersoll Cutting Tool Co. to Ingersoll CTC Real Estate Co., and ISCAR renamed IMC Group USA to Ingersoll Cutting Tool Co. (Id. ¶¶ 11-12) The court finds Ingersoll CTC Real Estate Company's motion to dismiss to be confusing, in large part because of the switch of names. In addition, no supporting memorandum, response brief or reply brief was ever filed regarding this motion. In any event, Ingersoll CTC Real Estate Company appears to be seizing on Peters' mistake in naming "Ingersoll Cutting Tool *Tire* Company" as the defendant in her initial complaint. This was a misnomer, to which Rule 15(c)(3) applies.

Ingersoll Cutting Tool Co. (the new one, not the old one) argues it is not a proper party because it did not assume the old Ingersoll Cutting Tool Co.'s liabilities under the asset purchase agreement. In so arguing, it has attached materials to its motion, which is impermissible for a Rule 12(b)(6) motion. Converting the motion to one for summary judgment would be inappropriate at this stage. Under federal common law, which governs the successor liability issue in a Title VII claim, a plaintiff may sue a purchaser of the assets of a violator-business if (1) the successor had notice of the plaintiff's claim before acquisition, and (2) there was a substantial continuity in the operation of the business before and after the sale. EEOC v. G-K-G, Inc., 39 F.3d 740, 747-48 (7th Cir. 1994). Peters is entitled to discovery on the successor liability issue. Ingersoll Cutting Tool Co. argues it was not added to the lawsuit within 90 days after Peters received her EEOC Notice of Right to Sue. It was never named as a respondent to the charge, so applying the 90-day limitations period would be nonsensical. After all, if the sale of assets had occurred a year after Peters received her EEOC notice, it would be impossible for her to satisfy Title VII's 90-day limitations period. Cf. G-K-G, 39 F.3d at 743 (Seiko, which bought G-K-G's assets while suit was pending, added as a defendant at that time).

Ingersoll International argues it is not a proper party because generally, a parent corporation is not liable for the acts of its subsidiaries. In the Seventh Circuit, a parent organization not named in the underlying EEOC charge must be dismissed from the federal lawsuit unless the plaintiff can show the parent had notice of the claim against it, as opposed to its subsidiary, and had an opportunity to conciliate on its own behalf. Olsen v. Marshall & Ilsley Corp., 267 F.3d 597, 604 (7th Cir. 2001). Peters is entitled to discovery as to whether this exception applies.

---

[1] Peters alleges she filed the discrimination charge on November 27, 1996 (Compl. ¶ 3; Am. Compl. ¶ 3; 2d Am. Compl. ¶ 3), but it appears this date is incorrect, as Peters worked at Ingersoll Cutting Tool Company from January 18, 1998 through July 17, 1998 (2d Am. Compl. ¶¶ 8-9).